15-1601-cr
United States v. Clare

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of June, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                  *Circuit Judges*.

———————————————————————————————————————

UNITED STATES OF AMERICA,

                         *Appellee*,

            v.                                          15-1601-cr

HOWARD CLARE, AKA ROCKY,

                         *Defendant-Appellant*.

———————————————————————————————————————

Appearing for Appellant:     Michael Hueston, Brooklyn, NY.

Appearing for Appellee:      Alexander Solomon, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Howard Clare appeals from the judgment of conviction dated May 12, 2015, filed May 15, 2015, and entered against him in the United States District Court for the Eastern District of New York (Ross, *J.*). A jury found Clare guilty of conspiring to distribute or possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(vii); distributing or possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D) and 18 U.S.C. § 2; and using or carrying a firearm during and in relation to a drug trafficking crime or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. The district court sentenced Clare principally to 180 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Clare contends that the evidence against him was insufficient to support his convictions, that his counsel was constitutionally ineffective in failing to move for a judgment of acquittal or a new trial on Counts One and Two, and that the district court erred in denying his motion to suppress certain evidence seized pursuant to a search of a car and a stash house in Georgia.

## I. Sufficiency of the Evidence

Clare argues that the evidence against him was insufficient to support any of his three counts of conviction. We generally review challenges to the sufficiency of the evidence de novo. *United States v. Pierce*, 785 F.3d 832, 837 (2d Cir.), *cert. denied*, 136 S. Ct. 172 (2015). In this case, however, Clare may have failed to preserve his sufficiency challenge, at least as to Counts One and Two, as his trial counsel did not raise the challenge as to those counts in his post-trial motion. Where a defendant fails to preserve a sufficiency issue, we review only for plain error. *See United States v. Allen*, 127 F.3d 260, 264 (2d Cir. 1997). Regardless, under either a de novo or plain error standard of review, Clare's sufficiency challenge fails.

In considering a sufficiency challenge, "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Pierce*, 785 F.3d at 838 (internal quotation marks omitted). "We will sustain the jury's verdict if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Here, as to Count One, two cooperating witnesses testified at trial that Clare was a leader of a marijuana-distribution organization. The witnesses testified that the organization trafficked thousands of pounds of marijuana per month over the course of several years. Clare contends that the cooperating witnesses were not credible, but the credibility of witnesses is within the province of the jury, not this Court. *See United States v. O'Connor*, 650 F.3d 839, 855 (2d Cir. 2011). And, in any event, a substantial amount of evidence seized from searches of a car and two stash houses connected to Clare corroborated the cooperators' testimony. Based on this evidence,

a rational juror could have concluded beyond a reasonable doubt that Clare conspired to distribute at least 1,000 kilograms of marijuana.

As to Count Two, the government introduced video footage showing Clare repeatedly entering a stash house in New York in the days leading up to the drug shipment at issue, ledgers found in the stash house containing Clare's name, and a U-Haul receipt for a van used in connection with the drug shipment on which Clare's name appeared. A reasonable juror evaluating this evidence could have concluded beyond a reasonable doubt that Clare distributed, or possessed with the intent to distribute, marijuana on the date in question.

As to Count Three, a cooperating witness testified that Clare stored "[o]ne AK-47, [a] shotgun, two Mach-11[s][,] and a .45" for the "head of the organization." Trial Tr. 174-75. Another cooperating witness testified that Clare hid firearms in his house for the organization and that the police seized six handguns from the stash house that Clare had visited during the time of the charged conspiracy. The government also introduced evidence that an alleged co-conspirator was found to have a loaded handgun when he was arrested shortly after meeting with Clare. This evidence was sufficient to support Clare's conviction on Count Three.

## II. Ineffective Assistance of Counsel

Clare next argues that his counsel was constitutionally ineffective in failing to move for a judgment of acquittal on Counts One and Two in his post-trial motion. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail, Clare must show both that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* Here, at the very least, Clare cannot show prejudice because the evidence was sufficient on Counts One and Two. Accordingly, Clare cannot demonstrate that he was denied effective assistance of counsel.

## III. Denial of the Motion to Suppress

Finally, Clare argues that the district court erred in denying his motion to suppress certain evidence seized pursuant to a search of a car and a stash house in Georgia. "When evaluating a district court's decision denying a motion to suppress, we review the district court's factual findings for clear error, viewing the evidence in the light most favorable to the government." *United States v. Moreno*, 701 F.3d 64, 72 (2d Cir. 2012) (alterations and internal quotation marks omitted). "We review *de novo* the legal issues presented by a motion to suppress." *Id.*

We agree with the district court that the officers had probable cause to search the car after a dog trained to detect narcotics alerted to the presence of drugs in Clare's car. *See Florida v. Harris*, 133 S. Ct. 1050, 1058 (2013). We further agree that the warrant to search the stash house was valid and that the police executed the warrant reasonably, notwithstanding the fact that a woman in the house told the police that Clare and another man paid her weekly rent for a room in the house. *See United States v. Canestri*, 518 F.2d 269, 273-74 (2d Cir. 1975). Accordingly, the district court properly denied the motion to suppress.

\* \* \*

We have considered the remainder of Clare's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk